IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC VON SCHAUMBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03427 |
| | ) | |
| HEALTH CARE SERVICE | ) | District Judge John Z. Lee |
| CORPORATION d/b/a BLUE CROSS | ) | |
| BLUE SHIELD OF ILLINOIS, | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Eric von Schaumburg ("Mr. von Schaumburg") seeks, on an emergency basis, a temporary restraining order enjoining Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Illinois, ("HCSC"), from terminating his 24 hours, 7 days a week, in-home skilled nursing care, pending a preliminary injunction hearing. Mr. von Schaumburg suffers from amyotrophic lateral sclerosis ("ALS"), is ventilator-dependent, and receives all of his nutrition, hydration, and medication through a feeding tube. Without a skilled nurse to monitor his ventilator and recognize and act to treat any occlusions of his airway, Mr. von Schaumburg runs a substantially increased risk of dying as a consequence of the occlusion. Because HCSC has only recently advised Mr. von Schaumburg that it will terminate coverage of his 24/7 skilled nursing care today, May 15, 2018, Plaintiff brings this motion on an emergency basis.[1]

---

[1] The nursing services provider, Independence Plus, Inc., has said it will not withdraw nursing services until Thursday, May 17, 2018, at the earliest. In addition, Mr. von Schaumburg has requested an expedited external review through the Illinois Department of Insurance pursuant to 215 ILCS 180. A decision on that request is expected this week.

**ARGUMENT**

The standard for granting or denying a temporary restraining order is governed by federal procedural law. *See* Fed. R. Civ. P. 65; *Gen. Elec. Co.* v. *Am. Wholesale Co.,* 235 F.2d 606, 608 (7th Cir. 1956). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *Crue* v. *Aiken,* 137 F.Supp.2d 1076, 1082-83 (C.D. Ill. 2001). A temporary restraining order is issued to minimize the hardship to the plaintiff until a hearing on a preliminary injunction can be held. *Id.* at 1082 (citing *Faheem-El* v. *Klincar,* 841 F.2d 712, 717 (7th Cir. 1988).

In order to obtain a preliminary injunction, the plaintiff must show three things: (1) without such relief, he will suffer irreparable harm before his claim is finally resolved; (2) he has no adequate remedy at law; and (3) he has some likelihood of success on the merits. *Harlan* v. *Scholz,* 866 F.3d 754, 758 (7th Cir. 2017) (citation omitted). "If the plaintiff can do that much, the court must then weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one." *Id.* (citation omitted). The court must also consider whether the injunction is in the public interest. *Id.* Here, Plaintiff can establish that the harm to him is significant, that he has no other adequate relief at law, that he is likely to succeed on the merits, and the balance of equities and the public interest favor granting a temporary restraining order.

**I.   Mr. von Schaumburg Will Suffer Irreparable Harm Without Entry of A Temporary Restraining Order And Lacks Another Adequate Remedy.**

Without entry of a temporary restraining order maintaining his level of care until a preliminary injunction hearing can be held, Mr. von Schaumburg will be irreparably harmed. A plaintiff has no adequate remedy at law when an award of damages at the end of trial will be "seriously deficient as a remedy for the harm suffered." *Roland Machinery Co.* v. *Dresser Industries, Inc.,* 749 F.2d 380,386 (7th Cir. 1984) (citations omitted). The requirement of

irreparable harm is met when the moving party will suffer harm during the pendency of the case "that cannot be prevented or fully rectified by the final judgment after trial." *Id.* If an injunction is not issued maintaining 24/7 in-home skilled care for Mr. von Schaumburg, he faces an increased risk of catastrophic medical emergency. *See* Letter of medical necessity by Drs. Robert Sufit, MD, and Lisa Wolfe, MD, dated March 6, 2018, attached as **Exhibit A**; Clinical Summary of Karolina Williams, RN, dated March 3, 2018, attached as **Exhibit B**; Letter of Medical Necessity by Dr. John Liu, MD, dated May 4, 2018, attached as **Exhibit C**; Peer Review Report by Leonid Topper, MD, dated October 27, 2017 and addenda dated October 31, 2017 and November 4, 2017, attached as **Exhibit D**; and affidavit of Tamera Muller dated August 8, 2016, attached as **Exhibit E**. An award of money damages cannot compensate Mr. von Schaumburg for the harm he will suffer if a medical crisis occurs without a skilled nurse being present to provide assistance. And, assuming he could be treated in an intensive care unit at a hospital, having to leave his home, for a person in his condition, constitutes irreparable harm. *See supra*.

**II.     Mr. Von Schaumburg Has A Likelihood of Success On The Merits of His Claim.**

A plaintiff seeking a temporary restraining order is considered to have a likelihood of success on the merits, if "the plaintiffs chances are better than negligible." *Brunswick Corp. v. Jones, Jr.,* 784 F.2d 271, 275 (7th Cir. 1986) ("Although the plaintiff must demonstrate some probability of success on the merits, 'the threshold is low.' It is enough that 'the plaintiffs chances are better than negligible . . ..'") (citation omitted). Mr. von Schaumburg's likelihood of success on the merits is significant.

First, Mr. von Schaumburg is likely to succeed on the merits of his claim because HCSC's decision to reduce coverage for Mr. von Schaumburg's 24/7 in-home skilled nursing care, and ultimately, terminate it, was unsupported by the plain language of the plan. The Seventh Circuit in

3

*Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 818 (7th Cir. 2002) definitively rejected the argument that the services being provided here, which include airway suctioning and periodic gastrointestinal feedings, are "custodial care" able to be delegated to family members to perform; and the attached letters of medical necessity and peer review report of Dr. Topper reinforce that conclusion. *See also A.A., ex rel. J.A. v. Blue Cross & Blue Shield of Illinois*, No. 2:13-CV-00357-RSM, 2014 WL 910144, at *9 (W.D. Wash. Mar. 7, 2014) (rejecting arguments by Blue Cross & Blue Shield of Illinois that care was "custodial" and "maintenance care" where claimant required suctioning and evidence showed she would require hospitalization but for around-the-clock skilled nursing care); *Munsen v. Wellmark, Inc.*, 257 F. Supp. 2d 1172, 1202 (N.D. Iowa 2003) (rejecting argument by Wellmark, d/b/a/ Blue Cross Blue Shield that care was "custodial" where it required tracheostomy management).

In its latest denial letter (attached hereto as **Exhibit F**), HCSC concedes that "[t]he requested care should be provided by professional personnel," but it argues that Mr. von Schaumburg's condition "is not expected to improve and is likely to continue to deteriorate in spite of the service provided. Skilled nursing service does not include custodial care service." However, that argument is foreclosed by *Bedrick v. Travelers Ins.Co.*, 93 F.3d 149 (4th Cir. 1996), in which the Fourth Circuit refused to impose a "medical improvement" standard into the policy of a boy with cerebral palsy and spastic quadriplegia whose condition would worsen if denied physical therapy, observing, "It is as important not to get worse as to get better." *See also Mcgraw v. Prudential,* 137 F.3d 1253, 1261-62 (10th Cir. 1998) (citing *Bedrick* favorably).

ALS is a degenerative disease: the average life expectancy after diagnosis is three to five years. *See* Letter of medical necessity of Robert Sufit, MD, dated October 24, 2017, attached as **Exhibit G**. If the possibility of medical improvement were a prerequisite to receiving private duty

4

nursing service, HCSC should never have approved Mr. von Schaumburg's claim for benefits. HCSC's argument is, thus, self-contradictory; and its attempt to deny coverage at this late juncture, after two years of payment, underscores the result-driven nature of its benefits determination. *See Russo v. Health, Welfare & Pension Fund, Local 705, Int'l Bhd. of Teamsters*, 984 F.2d 762, 766 (7th Cir. 1993) (ruling that uniform interpretation and application of plan rules are important factors in deciding whether a denial of benefits is arbitrary and capricious).

Indeed, HCSC's sudden insistence on medical improvement is undermined by the fact that it previously reauthorized 24/7 PDN further benefits in September 2016 based on the *worsening* of Mr. von Schaumburg's condition. *See* Compl. ¶ 32. In HCSC's view, it seems, Mr. von Schaumburg must either be getting better or worse; if his condition has stabilized, private duty nursing services are not available. HCSC is redefining his care in order to eliminate coverage. HCSC's decision to reduce and ultimately terminate his 24/7 in-home skilled nursing care was unsupported by the plan language and therefore Mr. von Schaumburg has established the requisite likelihood of success on his claim. *See Hewitt v. US. Office of Personnel Management,* 390 F. Supp.2d 685, 688 (N.D. Ill. 2005) (HCSC's conclusion that health care needs of plan beneficiary dependent on mechanical respirator had become "custodial" in nature and thus skilled nursing would be reduced was an abuse of discretion where no evidence that anything in beneficiary's condition had changed).

### III. The Balance of Harm And Public Interest Support Entry of a Temporary Restraining Order.

The balance of harm and public interest support entry of a temporary restraining order requiring that HCSC maintain the status quo and continue to provide coverage for 24/7 in-home skilled nursing care to Mr. von Schaumburg pending a preliminary injunction hearing. The harm to Mr. von Schaumburg if an injunction is not issued is significant and potentially, catastrophic.

By contrast, the harm to HCSC if an injunction is granted is minimal. For HCSC, the harm consists of expending additional funds to continue 24/7 skilled nursing for Mr. von Schaumburg. For Mr. von Schaumburg, however, his health is at stake.

## CONCLUSION

For the reasons set forth above, Plaintiffs Eric von Schaumburg respectfully requests that this Court enter a temporary restraining order requiring Defendant Health Care Service Corporation to maintain the same level of medical benefits-i.e., 24/7 in-home skilled care-to Plaintiff pending a preliminary injunction hearing in this action or until further order of the Court, and for such other relief as this Court deems proper.

Dated: May 15, 2018 Respectfully submitted,

ERIC VON SCHAUMBURG

By: */s/ Martina B. Sherman*
    Mark D. DeBofsky
    Martina B. Sherman
    DeBofsky, Sherman & Casciari, P.C.
    200 W. Madison St, Suite 2670
    Chicago, IL 60606
    (312) 235-4880 (phone)
    (312) 929-0309 (fax)

and

By: */s/ Maureen Browne Schoaf*
    Richard R. Winter
    Maureen Browne Schoaf
    131 S. Dearborn St., 30th Fl.
    Chicago, IL 60603
    (312) 263-3600
    (312) 578-6666 (fax)
    richard.winter@hklaw.com
    maureen.schoaf@hklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2018, I electronically filed the foregoing with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system reflecting service on all attorneys of record.

/s/ Martina B. Sherman
Martina B. Sherman